Peter Strojnik, 6464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney *pro hac vice* for Respondent – Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| State of North Dakota, ex. Rel Wayne Stenehjem, Attorney General<br><br>                   Petitioner,<br><br>vs.<br><br>Simple.Net, Inc. f/k/a Dial Up Services, Inc d/b/a/ Simple.Net,<br><br>                   Respondent. | Civil No. 1:08-cv-002<br><br>**SIMPLE.NET, INC'S AND SIMPLE.NET'S COUNSEL'S RESPONSE IN OPPOSITION TO STATE OF NORTH DAKOTA'S MOTION FOR FED.R.CIV.P. 11 AND 28 U.S.C. § 1927 SANCTIONS** |

**SUMMARY OF RESPONSE**

State of North Dakota's second repetitive Motion for Sanctions is virtually identical to it's previously filed – and promptly denied – Motion for Sanctions submitted in the United States District Court for the District of Arizona captioned *Dial Up Services, Inc. v. State of North Dakota et al* CV07-423-PHX-EHC ("Arizona Proceeding"). In the previous identical proceeding, Simple and its Counsel proved that Counsel for Plaintiff (1) reviewed several hundreds of reported decisions regarding the issues; (2) conducted a minimum of 150 hours in factual and legal research prior to commencing the litigation; (3) engaged in numerous hours discussing the matter with independent counsel; and (4) brought

- 1 -

the action only after a thorough and complete review of the facts and the law. Following the conclusion of Counsel's extensive Rule 11 due diligence, Counsel concluded that the All Writs Act applied to the State of North Dakota's improper and illegal interference with the Arizona Judgment and Order.

Simple and its Counsel note that (1) The issues in the Second Repetitive Motion for Sanctions and the First Motion for Sanctions are identical; (2) The Order denying the First Motion for Sanctions in the Arizona Proceeding represents a final judgment on the merits; (3) North Dakota was a party to the Arizona Proceeding; and (4) North Dakota was given a fair opportunity to be heard in the Arizona Proceeding.

The denial of North Dakota's First Motion for Sanctions precludes North Dakota from rearguing the issue here under the doctrine of *collateral estoppel*; therefore, North Dakota's Motion must be denied on this basis alone. In addition, 28 U.S.C. §1927 does not apply to initial proceedings of the type involved here; section 1927 authorizes sanctions only for the "multipli[cation of] proceedings," thus applying only to unnecessary filings and tactics once a lawsuit has begun. *In re Keegan Management Co.,* infra. *See also* Chief Judge Hovland's opinion in *Carr V. Local Union 1593 et al*, infra. All that has occurred in this matter thus far is the removal of the action from the State Court to the United States District Court pursuant to 28 U.S.C. §1441, and filing of the Verified Complaint.

Lastly, the part of the Rule 11 Motion arising out of 28 U.S.C. § 1446 is not well taken since the Notice of Removal was filed within 30 days of the notice to

Simple that the State of North Dakota was seeking to impose a contempt citation for conduct sanctioned by the Arizona Judgment and Order.

This Response is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Simple.Net, Inc. ("Simple") conducts its business in compliance with the Stipulated Judgment and Order entered in the United States District Court for the District of Arizona captioned *Federal Trade Commission v. Simple Access et al*. (doc 9-2) dated July 30, 2001 ("Arizona Judgment and Order").

Between 2001 and 2005, several states – including the State of North Dakota - began their own investigations of Simple's marketing method sanctioned by the Federal Trade Commission ("FTC") and the Arizona Judgment and Order. Therefore, on February 22, 2007, Simple filed an All Writs action in the Arizona District Court against, *inter alia,* the State of North Dakota. The All Writs Action was dismissed for lack of personal jurisdiction. Simple filed a timely appeal. The matter is presently pending in the 9th Circuit Court of Appeals under cause number 07-17312.

Fortunately, there are no personal jurisdiction issues here. There are no procedural concerns standing in the way of this Court's consideration of the State of North Dakota's interference with the Arizona District Court's Judgment and Order.

Simple seeks a determination that the North Dakota State Court's Order to Show Cause (doc 6-5) interferes with, obstructs and frustrates the Arizona District Court Judgment and Order.  Simple seeks the ultimate remedy of injunctive relief against the State of North Dakota pursuant to the All Writs Act. Simple's intent is to engage in a vigorous but courteous debate regarding the important federal and constitutional issues involved here:  Is injunctive relief pursuant to the All Writs Act appropriate in light of:

    (1) The Supremacy Clause of the United States Constitution;  and/or

    (2) The Interstate Commerce Clause of the United States Constitution; and/or

    (3) The retention of exclusive jurisdiction by the Arizona District Court; and/or

    (4) Conflict pre-emption.

The consideration of these important constitutional issues has been derailed by the State of North Dakota's Second Repetitive Motion for Sanctions against Simple and its counsel.

***Sanctions Proceedings in the US District Court for the District of Arizona***

The State of North Dakota previously filed a Motion for Sanctions based on Rule 11 and 28 U.S.C. § 1927 in the Arizona Proceedings.  See Exhibit 1[1]

---

[1] State of North Dakota's Notice of Motion and Motion for Fed. R. Civ. P. 11 and 28 U.S.C. ¶ 1927 Sanctions, Arizona proceeding doc 49.

(Motion) and Exhibit 2[2] (Memorandum.) There, as here, the State of North Dakota argued that:

> 1. The claims against North Dakota in the Verified Complaint, and repeated in the First Amended Verified Complaint, have been presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, namely, to improperly interfere, delay and obstruct North Dakota's Attorney General's law-enforcement investigation of Plaintiff's activities in North Dakota, to intimidate other States and prevent them from conducting their own investigations and further, in an attempt to improperly influence or force a multistate negotiated settlement of other States' claims against Plaintiff. Fed.R.Civ.P. 11(b)(1).
>
> 2. Plaintiff's claims and contentions are not warranted by existing law or by a nonfrivolous argument for the extension of the law. Fed.R.Civ.P. 11(b)(2).
>
> 3. Plaintiff's allegations and other factual contentions lack evidentiary support and are not likely to have evidentiary support. Fed.R.Civ.P. 11(b)(3).
>
> 4. Plaintiff's counsel failed to cure the defects in the Verified Complaint and compounded them by filing the First Amended Verified Complaint and Verified Application for a Temporary Restraining Order, despite being put on explicit notice that Plaintiff's claims were frivolous and jurisdictionally insupportable. Plaintiff's counsel intentionally and knowingly multiplied the proceedings in this case unreasonably and vexatiously and should be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

Exhibit 1, pp 1-2.  Simple timely responded, pointing out that Counsel for Plaintiff reviewed several hundreds of reported decisions and spent at the minimum 150 hours in factual and legal research prior to commencing the litigation. Counsel for

---

[2] State of North Dakota's Brief in Support of Motion for Fed. R. Civ. P. 11 and 28 U.S.C. ¶ 1927 Sanctions, Arizona proceeding doc. 50.

Plaintiff spent numerous hours discussing the Complaint with independent counsel, and brought the action only after a thorough and complete review of the facts and the law, and after numerous consultations with independent counsel. Simple and Simple's counsel concluded that the All Writs Act applied to the State of North Dakota's improper and illegal interference with the Arizona Judgment and Order. It was no surprise that the Arizona District Court's Order, Exhibit 4[3], found as follows:

> **III. Motions for Sanctions**
> Certain Defendants have moved for Rule 11 sanctions against Plaintiff and Plaintiff's counsel. (See Dkts.47, 48, 49, 50, 51). These Defendants essentially contend that this case was presented for an improper purpose such as to harass or to cause unnecessary delay, to needlessly increase the costs of litigation, to improperly interfere, delay, and obstruct the Defendant States' lawful investigations of Plaintiff's activities, or to intimidate other States and prevent them from conducting their own investigations in Plaintiff's activities. Defendants contend that Plaintiff's claims are not warranted by existing law or by the facts. In Response, Plaintiff's counsel provides extensive documentation of the factual and legal research undertaken prior to bringing this lawsuit, and in turn, seeks sanctions against the Defendants who have sought sanctions. The Court is not convinced that sanctions are appropriate against either Plaintiff or Defendants in this case in light of the complexity of issues involved. Thus, both Plaintiff's and Defendants' requests for sanctions will be denied.

The Order of the Arizona District Court is a final order. The State of North Dakota has not lodged a timely appeal, and the time for appeal has expired.

---

[3] Doc 58 in Arizona proceeding.

### *Collateral Estoppel Precludes North Dakota from Rearguing it's Previously Failed Motion*

In its Second Repetitive Motion for Sanctions, the State of North Dakota levies virtually verbatim the same wrongful accusations against Simple and Simple's Counsel as it did in the Arizona proceeding. The State of North Dakota argues here – as it did in the Arizona Proceeding – that:

> 2. The improperly interposed Verified Complaint has been presented for an improper purpose, specifically, to improperly interfere, delay and obstruct the North Dakota Attorney General's law-enforcement investigation of Respondent's activities in North Dakota, to intimidate other States and prevent them fro conducting their own investigations and further, in an attempt to improperly influence or force a multistate negotiated settlement of other States' claims against Respondent. Fed. R. Civ. P. 11(b)(1).
>
> 3. Respondent's requests, claims and contentions are not warranted by existing law or by a nonfrivolous argument for the extension of the law. Fed. R. Civ. P. 11(b)(2).
>
> 4. Respondent's requests, claims, allegations and other factual contentions lack evidentiary support and are not likely to have evidentiary support. Fed. R. Civ. P. 11(b)(3).
>
> 5. Respondent's counsel failed to cure the impermissible removal of the case to the United States District Court and failed to cure the defects in the Verified Complaint, despite being put on explicit notice that Respondent's removal was frivolous and jurisdictionally insupportable and despite repeatedly being put on explicit notice that Respondent's claims, as asserted in the Verified Complaint, were frivolous and insupportable.
>
> 6. Respondent's counsel intentionally and knowingly multiplied the proceedings in this case, unreasonably and vexatiously, and should be required by the Court to personally satisfy the excess costs, expenses and attorney's fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

The State of North Dakota has already lost on these issues once. Collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Stoebner v. Parry, Murray, Ward & Moxley*, 91 F.3d 1091, 1094 (8th Cir. 1996). In *Spagnolia v. Dakota Neurosurgical Assocoiates, P.C.*, No. A1-03-87 (D.N.D. 2003), the North Dakota District Court noted that four tests must be met before collateral estoppel will bar re-litigation of a fact or issue involved in an earlier lawsuit:

(1) Was the issue decided in the prior adjudication identical to the one presented in the action in question?

(2) Was there a final judgment on the merits?

(3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?; and

(4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

In the case before the Court, all four questions are answered in the affirmative: (1) The issues in the Arizona Proceeding and the North Dakota Proceeding are identical; (2) The Order in the Arizona Proceeding was a final judgment on the merits; (3) North Dakota was a party to the Arizona Proceeding; and (4) North Dakota was given a fair opportunity to be heard by the Arizona Court. The State of North Dakota is collaterally estopped from bringing the Second Repetitive Motion for Sanctions.

### *28 U.S.C. § 1927 Does Not Apply To Initial Proceedings*

In their responsive pleading to North Dakota's First Motion for Sanctions filed in the Arizona Proceeding (Exhibit 3[4]), Simple and its Counsel elucidated the standard for Section 1927 sanctions in the context of initial proceedings:

> Section 1927 provides in full that: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In *In re Keegan Management Co.,* 78 F.3d 431 (9th Cir. 1996), the 9th Circuit Court of Appeals restated that a 1927 sanction cannot be applied to initial pleadings:
>
>> Because the section authorizes sanctions only for the "multipli[cation of] proceedings," it applies only to unnecessary filings and tactics once a lawsuit has begun. ***We have twice expressly held that § 1927 cannot be applied to an initial pleading***. See *Zaldivar* [*Zaldivar v. Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986)] 780 F.2d at 831 (under § 1927, "the multiplication of proceedings is punished, thus placing initial pleadings beyond" the section's reach) (emphasis in original); *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir.) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), amended, 803 F.2d 1085 (9th Cir. 1986), cert. denied, 484 U.S. 963 (1987). …

There has been no change in the law that would somehow make State of North Dakota's present Section 1927 Motion any different than the previously

---

[4] Plaintiff's and Plaintiff's Counsel's Response to Various Motions for Sanctions and Motion for 28 U.S.C. § 1927 Award of Attorney's Fees, Arizona proceeding doc 52, page 4, line 20 to page 5, line 10.

filed Motion. To the contrary, the law remains the same and the above cited law applies with force.

### *In the 8th Circuit, a Motion Sanctions Pursuant To 28 U.S.C. 1927 Should Be Approached With Circumspection*

The Eighth Circuit has warned that "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not `dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc.,* 177 F.3d 714, 718 (8th Cir. 1999) (quoting *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc*., 38 F.3d 1414, 1416 (5th Cir. 1994)). Ultimately, "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Intern. Corp*., 812 F.2d 393, 395 (8th Cir. 1987).

The imposition of Section 1927 sanctions requires a finding of bad faith. *NAACP v. Atkins*, 908 F.2d 336, 340 (8th Cir. 1990). Simple and counsel respectfully note that the State of North Dakota has failed to produce any evidence of "bad faith", and hereby affirmatively affirm that Simple and Simple's counsel have acted and continue to act in good faith. For a cogent discussion of Section 1027 sanctions, please see *Carr v. Local Union 1593, International Bhd. Of Electrical Wkrs*, 2005.DND.0000017 (D.N.D. 06/21/2005) (Opinion by Chief Judge Daniel Hovland)

### *Rule 11 Sanctions Pursuant to 28 U.S.C. § 1446(a)[5] Are Inappropriate*

28 U.S.C. § 1446(a) provides that a Notice of Removal must be "signed pursuant to Rule 11", that is, that the Notice is not "presented for any improper purpose…" and that the Notice is "warranted by existing law". *See* Fed.R.Civ.P. 11(b)(1) and (2).

The State of North Dakota focuses on 11(b)(1) in arguing that[6]:

> Respondent's Removal to the United States District Court and Respondent's Verified Complaint have been presented for an improper purpose, specifically, (1) to improperly interfere with, delay and obstruct the North Dakota Attorney General's law enforcement investigation of Respondent's possible illegal and fraudulent activities in North Dakota; (2) to improperly interfere with, delay and obstruct the contempt hearing scheduled in this matter; (3) to intimidate other States and prevent them from going forward with their own investigations; and (4) to attempt to improperly influence or force a multistate settlement of other States' claims against Respondent. Fed.R.Civ.P. 11(b)(1).

The State of North Dakota offers no evidence to support its argument. There is absolutely no indication of any improper interference with North Dakota's investigation of Simple's "*possibly* illegal and fraudulent activities in North Dakota". To the contrary, the law on this matter is clear: When the attack

---

[5] 28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal *signed pursuant to Rule 11* of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (Emphasis supplied)

[6] *See* Motion at pp 5-6.

on a federal judgment (Arizona Judgment and Order) is an isolated event mounted by a single person, the remedy is to assert the federal judgment as a complete defense in the State Court proceeding pursuant to the Supremacy Clause. *Badgley v. Santacroce*, 800 F.2d 33 (2nd Cir. 1986). Does the State of North Dakota suggest that asserting a constitutional defense clearly authorized by precedent is somehow improper? The clarity of Simple's right to remove a case where there are "substantial questions of federal law" is established by the 8th Circuit case of *In re Otter Tail Power Co.,* 116 F.3d 1207, 1213 (8th Cir 1997). Therefore, the State of North Dakota's first concern is not well taken.

North Dakota next argues that by filing the Notice of Removal and the Verified Complaint, Simple and Counsel "improperly interfere with, delay and obstruct the contempt hearing scheduled in this matter". A delay in the hearing is a byproduct of the federal removal scheme. Simple and Counsel are perfectly ready to conduct a hearing in the United States District Court for the District of North Dakota.

North Dakota next argues that the Notice of Removal and the Verified Complaint were submitted "to intimidate other States and prevent them from going forward with their own investigations".  Simple is a small company and Counsel is an independent practitioner.  This case is conducted on a shoestring budget. Simple and Counsel intimidate no one.

Lastly, North Dakota argues that Simple and Counsel "attempt to improperly influence or force a multistate settlement of other States' claims

against Respondent". This argument is fundamentally invalid because it presupposes that asserting a constitutional argument equates "improper influence".

The State of North Dakota then focuses on 11(b)(2) and argues that "Removal is not permissible where the federal court lacks subject matter jurisdiction over the issue raised in the action"[7]. This is true, although it is unclear how it relates to Rule 11 sanctions. The 8th Circuit Court of Appeals and the North Dakota District Courts follow the "substantial question of federal law" standard in determining whether the District Court has jurisdiction over a matter. This Court has jurisdiction over the substantive dispute before it by virtue of the fact that the State of North Dakota's interference with the Arizona Judgment and Order requires a resolution of substantial questions of federal law: (1) Did the Arizona District Court retain exclusive jurisdiction over Simple.Net's method of marketing? (2) Is Simple entitled to injunctive relief against the State of North Dakota pursuant to the All Writs Act? (3) Does the Supremacy Clause prevent the State of North Dakota from interfering with the Arizona Judgment and Order? (4) Is the North Dakota action dealing with the subject matter of the Arizona Judgment and Order pre-empted under the conflict pre-emption arm of the doctrine? Each and every one of these federal issues grants the US District Court for the District of North Dakota the necessary jurisdiction to enter an order enjoining the State of North Dakota from further interfering with the Arizona

---

[7] *See* Id. At page 7.

Judgment and Order. Each and every one of these federal issues need to be decided favorably to the State of North Dakota before it shall have the right to haul Simple – and its counsel – before its judicial bench.

The second question – whether the notice of removal was timely – is a complex question requiring a deeper investigation. Section 1446(b) generally requires that a notice of removal be filed within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b). However, if the basis for removal is not revealed by the initial pleading, a matter may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)

The State of North Dakota does not seriously contest that it seeks state court sanctions against Simple and it's Counsel for their compliance with the Arizona Judgment and Order. The State does not seriously contest that the Order to Show Cause for contempt was issued within 30 days of the filing of the Notice of Removal. The only manner in which Simple or its Counsel could have violated Rule 11, then, is if they failed to remove the action previously.

But a litigant has no duty to investigate whether a prior filing contained sufficient information to trigger the mandatory removal statute. This precise issue was addressed squarely in *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005) where the Ninth Circuit stated that "an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings

contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." Id. at 690. Approvingly citing to *Soto v. Apple Towing,* 111 F. Supp. 2d 222, 226 (E.D.N.Y. 2000), the Ninth Circuit adopted the District Court for the Eastern District of New York's holding that "there is no requirement in 28 U.S.C. Section 1446(b) that a defendant exercise a duty to investigate, and this Court will not read into the statute such a condition."

In *Lovern v. General Motors Corp.,* 121 F.3d 160, 161 (4th Cir. 1997), the 4th Circuit Court of Appeals noted the difficulty facing counsel in deciding whether to file or not file a notice of removal:

> Under Rule 11, a defendant and his attorney who fail to make a reasonable inquiry into the legal and factual basis of an action prior to filing face sanctions. If a defendant were required to file a notice of removal within 30 days after the service of the initial pleading, even where that pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanction for noticing removal without making an adequate inquiry or forgoing removal altogether. The statute did not intend to put a defendant to this choice. Cf. *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992) (describing the "Hobson's choice" faced by a later served defendant between foregoing removal or joining hurriedly in the petition of an earlier served defendant and facing Rule 11 sanctions).

The Court of Appeals "will not require [district] courts to inquire into the subjective knowledge of the defendant," but instead, require district courts to rely on the "four corners" of the initial pleading or subsequent paper "to determine when the defendant had notice of the grounds for removal." *Lovern*, 121 F.3d at 162. The primary concern in *Lovern* was the avoidance a "mini-trial" regarding a

party's actual knowledge of the basis for removal. Id. In the case before the Court, the grounds for removal became apparent upon the filing of the Order to Show Cause, not before. It was at this time that Simple's property and liberty became at risk, triggering the constitutional defenses.

## CONCLUSION AND PRAYEF FOR RELIEF

The State of North Dakota seeks to convince this Court that the Supremacy Clause, the Interstate Commerce Clause, conflict preemption and District Court's exclusive jurisdiction are subject to "North Dakota['s] … investigations … of Respondent for violation of State laws"[8]. This view fails to recognize the fundamental principles of constitutional law, federal supremacy in matters of interstate commerce, exclusivity of federal jurisdiction over Simple's marketing method, and conflict pre-emption. In its zeal to protect the citizens from the ill-perceived evils of Simple's marketing method – a method fully authorized by the Federal Trade Commission and the Arizona District Court - the State of North Dakota has embarked on a personal attack against Simple, referred to its marketing method as a "marketing scam"[9] and engaged in repetitious, often insulting and disrespectful innuendo against Simple's Counsel.

North Dakota's repetitive motions for sanctions dull the productive exchange of legal views and detract from robust, but civil, debate. Simple and

---

[8] See State of North Dakota's Brief in Support of Motion for Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 Sanctions at page 2.

[9] *See* Motion to Remand at p 2.

- 17 -

Counsel plead with the Court to deny State of North Dakota's Motion for Sanctions.

RESPECTFULLY SUBMITTED this 25th day of February, 2008.

**THE LAW FIRM OF PETER STROJNIK**

*[signature]*

_____
Peter Strojnik
Attorney for Simple.Net

- 18 -

## CERTIFICATE OF SERVICE

The original of the foregoing ECF filed this 25th day of
February, 2008, with the
Clerk of the United States District Court
For the District of North Dakota
220 East Rosser Ave.
PO Box 1193
Bismarck ND 58502

_____

- 18 -