**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| State of North Dakota, ex rel. | ) | **ORDER GRANTING PLAINTIFF'S** |
| Wayne Stenehjem, Attorney General | ) | **MOTION FOR REMAND, DENYING** |
| | ) | **DEFENDANT'S MOTION FOR LEAVE** |
| Plaintiff, | ) | **TO FILE VERIFIED COMPLAINT,** |
| | ) | **AND DENYING THE PLAINTIFF'S** |
| vs. | ) | **MOTION FOR SANCTIONS** |
| | ) | |
| Simple.net, Inc., f/k/a Dial Up Services, | ) | |
| Inc., d/b/a Simple.net | ) | |
| | ) | Case No. 1:08-cv-002 |
| Defendant. | ) | |

Before the Court is the Plaintiff's Motion to Remand the above-entitled action to the District Court for the State of North Dakota, South Central Judicial District, Burleigh County.  See Docket No. 4.  The basis for remand is lack of jurisdiction under 28 U.S.C. § 1441.  On January 22, 2008, the defendant, Simple.net, Inc., filed a response in opposition to the motion to remand, and on January 24, 2008, the State of North Dakota filed a reply.  See Docket Nos. 9 and 10.  For the reasons outlined below, the motion to remand is granted.

Also before the Court is the Defendant's "Motion for Leave to file Verified Complaint," filed on January 15, 2008, and the Plaintiff's "Motion to Dismiss Respondent's Motion for Leave to File Verified Complaint" filed on January 25, 2008.  See Docket Nos. 8 and 11.  For the reasons outlined below, the Defendant's motion for leave to file a verified complaint is denied and the Plaintiff's motion to dismiss is granted.

On February 19, 2008, the Plaintiff also filed a Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions.  See Docket No. 12.  On February 25, 2008, Simple.net filed a brief in opposition.  See Docket No. 14.  For the reasons set forth below, the motion for sanctions is denied.

I.      **BACKGROUND**

This matter stems from a "Civil Investigative Demand" issued by the North Dakota Attorney General's Office to the defendant, Simple.net, Inc., on November 30, 2006.  The investigative demand sought details on Simple.net's "promotional check" marketing scheme.[1]  A response to the demand was due January 5, 2007.  Simple.net requested and received a one-month extension of time to file the response.  On February 5, 2007, the day the response was due, Simple.net requested another extension, and the extension was denied.

On February 6, 2007, the State of North Dakota commenced a lawsuit in North Dakota District Court, South Central Judicial District, Burleigh County, and filed a motion to compel answers to a civil investigative demand.  Simple.net did not respond to North Dakota's motion.  On February 27, 2007, the state district court granted an injunction and issued an order granting North Dakota's motion to compel.  See Docket No. 6-3.

On February 22, 2007, Simple.net filed an action in the United States District Court, District of Arizona, against the State of North Dakota; the State of Idaho; the State of Oregon; the State of Missouri; the Honorable David E. Reich, Judge of the South Central Judicial District of the State of North Dakota; the Honorable Kathryn Sticklen, Judge of the Fourth Judicial District of the State of Idaho; and various other states.  Simple.net sought declaratory relief to prevent the named defendants from proceeding with their law enforcement investigations.  On March 6, 2007,

---

[1]  Simple.net provides back-up mobile internet access to customers for a fee of $19.95 per month. Simple.net's marketing method involved the mailing of a "live activation" or "promotional" check identified as a "discount incentive" of $3.25.  The negotiation or the deposit of the check supposedly signified the recipient's acceptance of Simple.net's internet services; i.e., if the check was cashed, the customer was charged $19.95 per month either by billing through a local utility bill, by charge to the customer's bank account where the check was cashed, by charge to the customer's credit card, or by invoice.

Simple.net filed a "Verified Application for a Temporary Restraining Order" in Arizona federal district court.  On April 13, 2007, the defendants in that action moved to dismiss the case.

On November 26, 2007, the United States District Court for the District of Arizona dismissed Simple.net's action for lack of personal jurisdiction over the defendants.  On December 10, 2007, Simple.net filed an appeal with the United States Court of Appeals for the Ninth Circuit.  See Dial Up Services, Inc., v. State of Oregon et al., No. CV-07-0423, (D. Ariz. 2007), appeal docketed, No. 07-17312 (9th Cir. Dec. 19, 2007).

On December 4, 2007, North Dakota continued with its lawsuit in state court and filed a motion for order to show cause.  The North Dakota state court issued a second amended order to show cause on December 19, 2007.  See Docket Nos. 6-4 and 6-5.

On January 4, 2008, Simple.net filed a Notice of Removal with this Court and also filed a document entitled "Verified Complaint."  See Docket No. 1.  Simple.net seeks removal of the state court action to this Court and contends that it is entitled to removal because "(1) the United States District Court has original jurisdiction over this matter (28 U.S.C. § 1441(a)); and (2) Respondent's claim or right asserted herein arises under the claim or right arising under the Constitution, treaties or laws of the United States (28 U.S.C. § 1441(b))."  See Docket No. 1.  On January 11, 2008, North Dakota filed a motion to remand, contending that this Court lacks jurisdiction and that the removal is untimely.  See Docket Nos. 4 and 6.  On January 22, 2008, Simple.net filed a response in opposition to the motion to remand.  On January 24, 2008, North Dakota filed a reply.  See Docket Nos. 9 and 10.

On January 15, 2008, Simple.net filed a document entitled "Notice of Error in Filing Alternatively Motion for Leave to File Verified Complaint."  See Docket No. 8.  On January 25,

3

2008, North Dakota filed a motion to dismiss Simple.net's motion.  See Docket No. 11.

Additionally, on February 19, 2008, North Dakota filed a motion for sanctions.  Simple.net filed a

response on February 25, 2008.  See Docket Nos. 12 and 14.

## II.   LEGAL DISCUSSION

Simple.net contends that it "is entitled to removal of this action pursuant to 28 U.S.C. § 1441

(a) and (b), nonexclusively. . . ."  See Docket No. 1.  28 U.S.C. § 1441 sets forth the kinds of cases

that can be removed to federal district court and provides in part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the defendants, to the district court
> of the United States for the district and division embracing the place where such
> action is pending. For purposes of removal under this chapter, the citizenship of
> defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on
> a claim or right arising under the Constitution, treaties or laws of the United States
> shall be removable without regard to the citizenship or residence of the parties. Any
> other such action shall be removable only if none of the parties in interest properly
> joined and served as defendants is a citizen of the State in which such action is
> brought.

28 U.S.C. § 1441.

"Federal district courts may exercise removal jurisdiction only where they would have had

original jurisdiction had the suit initially been filed in federal court."  Krispin v. May Dep't Stores Co.,

218 F.3d 919, 922 (8th Cir. 2000); see 28 U.S.C. § 1441.  The Eighth Circuit explained:

> "A federal question is raised in those cases in which a well-pleaded complaint
> establishes either that federal law creates the cause of action or that the plaintiff's right
> to relief necessarily depends on resolution of a substantial question of federal law."
> Peters, 80 F.3d at 260 (quotations and citation omitted). This well-pleaded complaint
> rule requires that a federal cause of action must be stated on the face of the complaint
> before the defendant may remove the action based on federal question jurisdiction. A
> federal defense . . . does not give the defendant the right to remove to federal court.

In re Otter Tail Power Co., 116 F.3d 1207, 1213 (8th Cir. 1997).  Removal statutes are strictly construed in favor of state court jurisdiction.  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court.  28 U.S.C. § 1447(c).  "The language of section 1447(c) mandates remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent."  Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003) (citing In re Atlas Van Lines, Inc. v. Poplar Bluff Transfer Co., 209 F.3d 1064, 1066-67 (8th Cir. 2000); 28 U.S.C. § 1447(c)).  Lack of subject matter jurisdiction cannot be waived.  Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).  The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); In re Business Men's Assur. Co. of America, 992 F.2d at 183.  Federal district courts must resolve all doubts about federal jurisdiction in favor of remand.  Id.

## A.   REMOVAL JURISDICTION

As the party seeking removal, Simple.net bears the burden of establishing federal subject matter jurisdiction.  Simple.net does not contend that removal jurisdiction is based on diversity jurisdiction, and it is clear from the record that diversity jurisdiction does not exist.[2]  In an attempt to satisfy the jurisdictional burden for removal, Simple.net invokes federal question jurisdiction by contending that the State of North Dakota's right to relief depends on the resolution of substantial questions of federal law.  Simple.net argues that substantial questions of federal law center around

_____

[2] The State of North Dakota is not a citizen for the purposes of diversity jurisdiction and thus diversity of citizenship is lacking.  See 28 U.S.C. § 1332.

5

whether North Dakota has the right "to investigate, attack, sanction and interfere with the rights granted to Simple.net by a subsisting, valid and final United States District Court Judgment." <u>See</u> Docket No. 9, p. 7.

Simple.net argues that it received rights to operate its business in a particular manner pursuant to a consent judgment between the Federal Trade Commission and Simple.net that was issued by the United States District Court in Arizona in 2001. Because of these alleged rights created by the consent judgment, Simple.net argues that a substantial question of federal law exists as to whether it is entitled to injunctive relief pursuant to the All Writs Act, 28 U.S.C. § 1651.

A consent judgment is a contract to end a lawsuit in which the parties agree to the relief to be provided by the judgment. <u>New York v. Saint Francis Hosp.</u>, 289 F. Supp. 2d 378, 384-85 (S.D.N.Y. 1993). A consent decree is usually construed to bind only the consenting parties. <u>Keith v. Volpe</u>, 188 F.3d 1386, 1392 n.9 (9th Cir. 1997).

The Court has carefully reviewed the consent judgment between Simple.net and the Federal Trade Commission and finds that Simple.net's factual premise is devoid of support and is simply incorrect. The consent judgment is an agreement between Simple.net and the Federal Trade Commission. It is clear from the face of the consent judgment that the judgment restrained and enjoined Simple.net from engaging in certain business practices. The consent judgment did not contain an exclusive list of the practices that Simple.net was prevented from performing, nor was it a list of affirmative practices that Simple.net could perform. In other words, the consent judgment in Arizona does not grant Simple.net any affirmative rights. Instead, it permanently restrains and enjoins Simple.net from engaging in further violations of federal law. The fundamental issue in the North Dakota state court action is Simple.net's non-compliance with North Dakota's investigation

6

into its commercial practices in North Dakota, a matter of state law.  The consent judgment does not prevent North Dakota from imposing a stricter standard in order to protect against consumer fraud.

Simple.net argues that a substantial question of federal law exists as to whether the United States District Court in Arizona retained exclusive jurisdiction over Simple.net's method of marketing through the consent judgment with the Federal Trade Commission.  Simple.net argues that the Arizona District Court retained exclusive jurisdiction and therefore inquiries such as that by North Dakota are improper and in violation of the All Writs Act.

The Court expressly finds that the consent judgment between Simple.net and the Federal Trade Commission provided that the Arizona federal district court retained jurisdiction to interpret, modify, enforce and punish any violations of that judgment.  It is clear and undisputed that the consent judgment did not require that all future litigation brought by any party against Simple.net for consumer fraud violations, be brought only in Arizona federal district court.  North Dakota is not attempting to interfere with or enforce the terms and conditions of the consent judgment between the Federal Trade Commission and Simple.net.

Simple.net further argues that two additional substantial questions of federal law are present and create federal question jurisdiction: (1) whether the Supremacy Clause prevents the State of North Dakota from interfering with the consent judgment between the Federal Trade Commission and Simple.net issued by the United States District Court for the District of Arizona; and (2) whether the North Dakota action dealing with the subject matter of the consent judgment between the Federal Trade Commission and Simple.net, issued by the United States District Court for the District of Arizona, is preempted under the conflict preemption arm of the doctrine.

Consumer protection laws enjoy a great presumption against preemption.  "Consideration of issues arising under the Supremacy Clause 'start[s] with the assumption that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress.'" Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992) (citing Rice v. Sante Fe Elevator Corp., 331 U.S. 218, 230 (1947)).  The historic police powers of the states extend to consumer protection.  See California v. ARC America Corp., 490 U.S. 93, 101 (1989). Courts will not infer preemption and will presume Congress did not intend to displace state law unless Congress does so clearly and unmistakably.  Gregory v. Ashcroft, 501 U.S. 452, 460 (1991).

Simple.net has failed to provide any factual or legal support for its arguments.  The Court finds that Simple.net has wholly failed to carry its burden of establishing subject matter jurisdiction. Simple.net provided no factual or legal support for its argument that the consent judgment created affirmative rights, or that those alleged rights preempt any consumer fraud investigation undertaken by other jurisdictions.  Regardless of Simple.net's failure to provide any reasonable argument or authority for its contentions, the Court finds that Simple.net's arguments are premised on the erroneous assumption that the consent judgment between the Federal Trade Commission and Simple.net created affirmative rights.  Further, even if Simple.net had provided support for its preemption argument, "a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at tissue in the case, does not cause the plaintiff's claim to arise under federal law." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1144 (8th Cir. 1992).

The Court finds, as a matter of law, that Simple.net has failed to establish a substantial question of federal law and that the Court lacks subject matter jurisdiction.

**B.**     **THE REMOVAL TO FEDERAL DISTRICT COURT IS UNTIMELY**

Even if this case involved a federal question so that removal to federal district court would be permissible, it is clear and undisputed that Simple.net's removal is untimely. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." The removal statute goes on to provide that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. 1446(b).

North Dakota commenced this action in state court on February 6, 2007, which was more than one year ago. Simple.net's argument that removal only became available upon the filing in state court of the motion to show cause (December 4, 2007), or the issuance in state court of the second amended order to show cause (December 19, 2007), fails for several reasons. See Docket Nos. 6-4 and 6-5. Except for the question of whether Simple.net should be held in contempt for failing to comply with a court order, the issues raised by the show cause motion and order are identical to the issues raised in the original motion to compel - which was filed in state court on February 6, 2007. As the Court previously found, those issues do not involve a federal question.

Simple.net also contends that the filing of the show cause pleadings in December 2007 created the right to remove because that was the first time that Simple.net was "in jeopardy of his sanctions, monetary losses, or liberty." See Docket No. 9, p. 10. Simple.net has provided no legal authority to support the contention that the possibility of sanctions, monetary losses, or liberty in a

civil dispute creates federal subject matter jurisdiction.  A cursory review of 28 U.S.C. § 1331, the statute providing the requirements for federal question jurisdiction, reveals no provision for the presence of federal question jurisdiction by the removing party being placed in jeopardy of sanctions, monetary losses, or liberty.  This argument is devoid of merit.

The Court finds, as a matter of law, that Simple.net's removal of the state court action on January 4, 2008 - almost one year after the action was first commenced on February 6, 2007 - was untimely.

C.    **VERIFIED COMPLAINT**

On January 4, 2008, Simple.net submitted a pleading entitled "Verified Complaint" along with its notice of removal.  Simple.net argues that, "to the extent that this Court determines to remand the removed action to the State Court, this verified complaint represents an independent action."  See Docket No. 1-9, p. 2.  Simple.net argues that it would be prudent to file the verified complaint as a document initiating a federal action because the verified complaint is part of the overall dispute between the State of North Dakota and Simple.net.  Simple.net has failed to provide any legal authority to support this argument.

It is well-settled that the Court must determine whether removal is appropriate based on the allegations of the complaint and pleadings filed up to the time the notice of removal was filed, and that an action cannot be made removable by any subsequent pleadings filed by the defendant.  First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank, 627 F.2d 843, 849 (8th Cir. 1980).  It is also well-established that a court must remand a case to the state court from which it was removed whenever

10

the district court concludes that subject matter jurisdiction is non-existent.  <u>Filla v. Norfolk Southern</u> <u>Ry. Co.</u>, 336 F.3d 806, 809 (8th Cir. 2003).

The Court finds that Simple.net's ill-advised attempt to maintain a federal cause of action in a removal case based on the subsequent filing of a "verified complaint" is contradictory to well-established law.  Accordingly, the Court grants North Dakota's motion to dismiss Simple.net's motion for leave to file a verified complaint.  <u>See</u> Docket No. 11.

### D.      <u>SANCTIONS, COSTS, AND ATTORNEYS' FEES</u>

North Dakota requests that it be awarded its costs and attorneys' fees as a result of the untimely removal and remand action, and that the Defendant also be sanctioned under Rule 11 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 1927.  <u>See</u> Docket Nos. 12 and 14.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The propriety of the removal is central in determining whether to impose fees in the remand order.  <u>Maguire Oil</u> <u>Co. v. City of Houston</u>, 143 F.3d 205, 209 (5th Cir. 1998).  "When an action is erroneously removed to federal court, and the removal results in a remand to state court, costs are properly assessed against the removing party."  <u>Moline Machinery, Ltd. v. Pillsbury Co.</u>, 259 F. Supp. 2d 892, 905 (D. Minn. 2003) (citing <u>In re Iowa Manufacturing Co.</u>, 747 F.2d 462, 463 n.2 (8th Cir. 1984)).  It is within the discretion of the district court to order the payment of costs and attorneys' fees.  <u>See</u> 28 U.S.C. § 1447(c).

The Court finds that removal in this case was improper and untimely.  Simple.net raised several arguments in support of a basis for federal question jurisdiction and for the timeliness of

removal, but those arguments are tenuous and ill-advised, at best. Simple.net's argument for federal question jurisdiction was based on the incorrect and unsupported factual premise that the consent judgment, issued by the Arizona federal district court in 2001, and entered into between the Federal Trade Commission and Simple.net, created an approved, nationwide business operating plan for Simple.net. This argument borders on the edge of frivolity.

The consent judgment clearly delineates actions and activities that Simple.net was prohibited from performing. Simple.net provided no legal authority to support the argument that the North Dakota state district court's order to show cause was sufficient to create removal jurisdiction because the order created the potential for sanctions, monetary losses, or liberty. Simply being put in jeopardy of sanctions, monetary losses, or a loss of liberty does not create federal question jurisdiction for purposes of removal in a civil action. More important, the removal was untimely as it occurred almost one year after the civil lawsuit was first commenced in state court.

The Court has carefully reviewed the entire record, the pleadings filed in the United States District Court for the District of Arizona, and the pleadings filed in the North Dakota state court proceedings. The Court, in its discretion, awards the State of North Dakota its reasonable costs and attorneys' fees associated with the removal and remand of the action because the removal proceedings initiated by Simple.net were untimely and improper. See 28 U.S.C. § 1447(c). Further, the Court, in its discretion denies any further award of sanctions pursuant to Rule 11 or 28 U.S.C. § 1927.

III.    **CONCLUSION**

For the reasons set forth above, the Court finds that the removal of the state court action by Simple.net was untimely and improper.  The Court **GRANTS** the Plaintiff's Motion to Remand and for Award of Fees and Costs Under 28 U.S.C. § 1447(c) (Docket No. 4).  Neither the facts nor the law support removal.  The Court **GRANTS** the Plaintiff's Motion to Dismiss Verified Complaint (Docket No. 11).  The Court **DENIES** the Defendant's Motion for Leave to File Verified Complaint (Docket No. 8).  The Court also **DENIES** the Plaintiff's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions (Docket No. 12).  The Clerk of Court is directed to remand this action back to the District Court for the State of North Dakota, South Central Judicial District, Burleigh County.  The Plaintiff shall submit to the Court a detailed and itemized statement of reasonable costs and attorneys' fees incurred as a result of the untimely removal and remand proceedings.  The itemized statement shall be filed on or before Friday, March 14, 2008.  The Defendant shall have until Monday, March 31, 2008, to respond.[3]  The Court will then take the matter under advisement.

   **IT IS SO ORDERED.**

For the reasons set forth above, the Court
Dated this 3rd day of March, 2008.

                                     /s/ Daniel L. Hovland
                                     Daniel L. Hovland, Chief Judge
                                     United States District Court

---

   [3]  The parties are strongly encouraged to confer with each other in an attempt to try and resolve the issue of costs and attorneys' fees to be awarded.

13